**PABST BREWING COMPANY, a Delaware corporation, Plaintiff,**

v.

**Leo J. ANGER, Carol L. Arneson, Leon E. Babcock, Raymond F. Bakula, Robert E. Barduson, Germaine L. Blazek, David Brindley, Nancy Brown, Frances Drzoznowski, William A. Campbell, Gladys M. Carlson, Paul F. Chuchel, Karen M. Corbo, Francis Coulter, Estelle R. Czech, Robert E. Dorfner, Mary E. Engebretson, John D. Ericson, William J. Farrar, Patricia L. Fleishauer, Richard B. Gebauer, William A. Gillick, Steven A. Goemer, Donald R. Gooch, Roy Gosselin, Jr., Curtis A. Greer, Marian Guinn, Jerome S. Haggenmiller, Troy Hendrickson, Bernhard E. Hill, Wallace E. Hilling, Charles Hirschorn, Deborah Hockenberger, Vernon G. Hophan, Caroline R. Horwath, Inez Hunter, Dorothy Jahn, Clinton T. Johnson, Eugene W. Kern, James L. Kieger, Mary Ellen J. Kowsky, Alois A. Kubes, Robert J. Kujawski, Geraldine M. Kustelski, Ronald J. Laaksonen, Donald E. Larsen, Yolanda Latvala, James Lavorato, Evelyn M. Lecher, Vincent J. Lechman, Jeanne Ledman, Fred D. Lettengarver, James S. Lovell, Robert E. Luckow, Arthur E. Luger, Charles R. McBrayer, Eleanore McDonough, Michael W. McGee, Thomas J. McKenzie, Lilian C. Messenger, Herman P. Meysembourg, Peter P. Meysembourg, Carl E. Hohn, Donald N. Monson, Jr., Glenn W. Moore, Thomas L. Murphy, Corinne Page, George J. Paul, David L. Putz, Angeline A. Quitter, Curtis J. Reeves, Eugene W. Rogers, Gwen M. Rulli, Aaron Russ, III, Laura M. Sahlberg, Ardis A. Schwalbach, Herbert W. Schwarz, Francis H. Sommer, Richard W. Stark, Margaret M. Stelter, Donald W. Stevens, Patrick F. Sullivan, George Taylor, Jack F. Thurner, Janice M. Timmers, Dorothy Tuchner, Gerrit W. Van Pykersen, Herbert M. Virnig, Esther A. Voss, Warren Wallgren, Michael Whalen, Raymond A. Wiesner, Georgia Wilhelmi, Ronald L. Williams, Ernest W. Yoch, Ousik Yu, and The Stroh Brewery Company, Defendants.**

Civ. No. 3–84–461.

United States District Court, D. Minnesota, Third Division.

June 6, 1985.

---

Clifford M. Greene, Minneapolis, Minn., for plaintiff.

Terence P. Durkin, St. Paul, Minn., for individual defendants.

Geoffrey P. Jarpe, St. Paul, Minn., for defendant Stroh Brewery.

## MEMORANDUM & ORDER

DEVITT, District Judge.

The court has considered the parties' memoranda and supporting exhibits and affidavits, the arguments of counsel, and all of the files, records and proceedings in the case.

Plaintiff filed this action after receiving and denying claims for severance benefits following the exchange of its Saint Paul brewery for a Stroh's brewery in Tampa, Florida. The individual defendants were salaried, non-union employees of Pabst before the exchange, and hired by Stroh's at the time of the exchange. The individual defendants were never unemployed as a result of the exchange; in fact, most were retained in their same jobs at the same salary. These defendants argue that they are entitled to severance benefits because, as a result of the exchange, they were terminated from employment with Pabst. Stroh's is named as a defendant on a contribution or indemnity theory. Plaintiff seeks a declaration of its rights as to all defendants, pursuant to 29 U.S.C. § 1132(a)(3)(B). The individual defendants have filed counterclaims for the recovery of severance benefits, any applicable penalties, punitive damages and attorney's fees.

Pabst acquired this Saint Paul brewery in 1982 as a result of a merger with Olympia Brewing Company, which was then operating the brewery. As part of the agreement of this merger, Pabst agreed to abide by Olympia's Separation From Employment Policy (SFEP) for a period of one year following the merger. A copy of this policy is attached to this order, and the terms of the policy are incorporated herein by reference. Exactly one year from the date of the merger, on September 30, 1983, Pabst and Stroh's executed an exchange agreement. Pabst acquired a Stroh's brew-

ery in Tampa, Florida, in exchange for its brewery in Saint Paul. As part of the agreement, Stroh's promised to

> continue the Olympia severance program for St. Paul salaried employees through March 18, 1984. This program gives credit for all years of service since Olympia acquired the St. Paul brewery and gives two weeks of pay and benefits plus another week of pay and benefits for each full year of service.

The individual defendants in this action seek severance benefits under the Olympia/Pabst SFEP. They argue that, at the time Pabst traded the brewery to Stroh's, they were laid off from Pabst within the meaning of the SFEP and therefore entitled to severance benefits. There is no dispute that these defendants were, at the time of the exchange, terminated from Pabst. Pabst argues, however, that since these employees were immediately rehired by Stroh's they are not entitled to severance benefits because such benefits are designed to provide financial assistance to former employees during periods of unemployment.

This case is appropriate for summary judgment. All parties filed motions seeking summary judgment. All counsel stated orally at the hearing that summary judgment is appropriate in this case. The court finds that there are no genuine issues of material fact.

The individual defendants' argument that summary judgment in favor of plaintiff is precluded by the case of *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1984) is unpersuasive. Plaintiff's severance policy

was anything but secret, and the alleged ERISA violations, if true, do not reach the severity of those found in *Blau*. Further, defendants' "accrued benefits" argument, first raised at the hearing on these motions, is likewise inapposite. *Dhayer v. Weirton Steel Division of National Steel Corporation*, 571 F.Supp. 316 (N.D.W.Va.), aff'd sub nom *Sutton v. Weirton Steel Division of National Steel Corporation*, 724 F.2d 406 (4th Cir.1983), cert. denied, —— U.S. ——, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984).

■ The Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. governs this action and preempts state claims. Despite some alleged procedural defects, it is clear that ERISA applies. *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir.1982). Accordingly, jurisdiction is proper in this court, and the standard of review applicable in ERISA cases shall be applied. The application of ERISA preempts the parties' contract claims. 29 U.S.C. § 1144; *Dependahl v. Falstaff Brewing Corporation*, 653 F.2d 1208 (8th Cir.1981).

Defendants' claims that plaintiff has failed to comply with certain procedural provisions of ERISA warrant comment.[1] Such claims are largely unsubstantiated and in any case fall short of the level of secrecy and noncompliance found in *Blau v. Del Monte Corp.*, 748 F.2d 1348. Assuming, arguendo, that all of defendants' allegations are true, such would not warrant not applying ERISA to the present case. *Donovan v. Dillingham*, 688 F.2d at 1372.

---

1. The court's consideration of defendants' claims that plaintiff has failed to comply with various ERISA provisions is limited to the extent that such violations might preclude the granting of summary judgment in plaintiff's favor. *See Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1984). The record is sufficiently well established to satisfy the court that the alleged violations, even if true, fall short of those found

in *Blau* and do not, in any case, warrant the denial of plaintiff's motion. The court does not reach the merits of defendants' claims. Plaintiff is admonished, however, that in light of the fact that it is now seeking the protections accorded it under the Act, it should, at a minimum, comply with the Act's procedural and administrative requirements.

Applying ERISA to this action, the court cannot interfere with plaintiff's administration of its severance plan, including its interpretation of plan provisions, unless plaintiff's action is "arbitrary, capricious, or an abuse of discretion." *Quinn v. Burlington Northern Inc. etc.*, 664 F.2d 675, 678 (8th Cir.1981).

Plaintiff's denial of severance benefits was not, as a matter of law, arbitrary, capricious or an abuse of discretion. Reading the SFEP as a whole, plaintiff reached a logical conclusion when it determined that severance benefits for laid off employees were intended for employees who suffered at least some period of unemployment.

Section IV.B. of the SFEP deals with severance procedures in the instances of layoff. Subsection 1 provides that a laid off employee shall continue to be covered under the employer's insurance plans. Subsection 4 states that laid off employees shall be considered eligible for rehire. Subsection 5 allows laid off employees access to the employer's secretarial and telephone services "to aid in their job search." Reading the SFEP with particular attention to these provisions, it is clear that a laid off employee is one who is unemployed, uninsured, and looking for work. Such is not the case with the individual defendants here. *See, Sly v. P.R. Mallory & Co., Inc.*, 712 F.2d 1209 (7th Cir.1983).

Additionally, plaintiff's interpretation of the plan avoids the obvious windfall that the employees would otherwise receive. The court is mindful that these defendants have lost credit for their period of employment with Olympia and Pabst, and that in some cases this is a substantial period. But these are speculative losses which, assuming continued good service on the part of the employee, have questionable present values and, if the employee works until retirement, have no value at all.

Based on the foregoing,

IT IS ORDERED:

1. Plaintiff's motion for summary judgment is granted.

2. The individual defendants' motion for summary judgment is denied.

3. Defendant Stroh Brewing Company's motion for summary judgment is denied as moot.

4. The individual defendants' counterclaim against plaintiff is dismissed.

5. The individual defendants' motion for attorney's fees is denied.