**PABST BREWING CO., Appellee,**

v.

**Leo J. ANGER, et al., Appellants.**

No. 85–5222.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1986.

Decided Feb. 21, 1986.

Terence P. Durkin, St. Paul, Minn., for appellants.

Thomas P. Godar, Milwaukee, Wis., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and OLIVER,* Senior District Judge.

* The Hon. John W. Oliver, Senior United States District Judge for the Western District of Missouri, sitting by designation.

PER CURIAM.

This is an action for declaratory judgment brought by Pabst Brewing Company against certain of its former employees. Pabst seeks a declaration that it does not owe the defendants severance pay. Defendants worked at a brewery in St. Paul, Minnesota, which Pabst had acquired in 1982 from Olympia Brewing Co. As part of the acquisition agreement, Pabst agreed to abide by Olympia's Separation From Employment Policy (SFEP) until March 18, 1984. Later, Pabst transferred the brewery to Stroh Brewery Company in exchange for a Stroh's brewery in Tampa, Florida. Stroh's agreed to continue the Olympia SFEP for employees of the former Pabst brewery in St. Paul until March 18, 1984, the SFEP's agreed termination date.

The question presented is whether the former Pabst employees suffered a "layoff," defined as "a permanent, involuntary separation without cause," when they ceased to be employees of Pabst upon transfer of the Olympia brewery to Stroh's.

The District Court[1] granted summary judgment for Pabst, holding that denial of severance benefits was not arbitrary, capricious, or abuse of discretion under the standards stated in *Quinn v. Burlington Northern Inc., Etc.*, 664 F.2d 675, 678 (8th Cir.1981), and the Eighth Circuit cases cited therein. The employees continued to work without interruption (with the exception of three men who received SFEP benefits), some at a higher rate of pay. They did lose certain benefits with Pabst, including the right to participate in the Pabst Employee Stock Ownership Plan, but, in the view of the District Court, it was not unreasonable for Pabst, as plan administrator, to interpret the term "layoff" as not applying to this set of facts.

We agree, and the judgment is affirmed on the basis of the District Court's well-

1. The Hon. Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

reasoned opinion, reported at 610 F.Supp. 214 (D.Minn.1985).

Affirmed.