Freda ACTON, Robert D. Agerton, Donnie Alphin, Michael V. Arnold, Gerald R. Bailey, Glenn Bassett, Gary W. Boothe, Kent Brantley, Troy Braswell, Raymond L. Brown, Robert C. Brown, Celeste Brumley, Larry Brumley, John Butterfield, Albert B. Caldwell, Jr., Nathan V. Ciaramitaro, Gary Cobb, Donny R. Cole, Jr., Rodney Cook, C. Larry Cornelius, Steven M. Cousins, Tommy Cox, Paul J. Creel, Tommie M. Crossland, Howard Cupp, Bill W. Davis, Jimmy C. Dennis, Ken H. Dillard, Davis Dixon, Sadie G. Endel, Norman D. Fast, A.D. Faulkner, Paul W. Fisher, Joe Flournoy, Paul D. Frazier, Bret Garrett, Donna Gordon, Charles N. Gray, Raymond E. Hale, Jr., Howard A. Halligan, William R. Hammock, Charles R. Hammons, Gary Hammons, Earl Handley, L.G. Hickman, Gary C. Hill, Johnny E. Howard, Reva J. (Gayle) Hudson, Harry R. Hudson, Jr., Clyde Hunt, Wendell Hunter, Nancy Jane Ingram, Woodrow Ison, Jr., James D. Jackson, Billy Bob James, James N. Jones, Bobby G. Kelley, Jack Kingrey, Jr., Mark R. Koenig, James E. Leverette, Sr., Mary H. Looney, David L. Lout, Patricia Ann Lowery, Clint Lundsford, Kenneth Machen, Ronald R. Matthews, Otis McCroskey, Robert O. McDonald, Fernie R. McGaugh, Richard E. Meeks, Benjamin F. Merritt, Charlotte M. Millican, Paul R. Mitchell, James W. Moseley, Sr., Virginia Mulligan, David L. Murphy, Judy H. Owens, Charles H. Peace, Charles H. Perdue, Logan L. Perdue, Marcella L. Perdue, Warner W. Prather, Milton A. Pyron, Jimmy Reed, Jr., Marvin L. Robinson, Mildred B. Rogers, J.K. Rudder, Jr., J.T. Sachde, Bobby R. Smith, Lydia A. Smith, Frank M. Smith, Jr., Joan M. Stocks, Vickie Marie Sweet, Charlotte Ann Taunton, Thomas N. Tucker, Arthur S. Turbeville, Bobby Joe Turbeville, Loyd W. Waldo, James D. Ware, John H. Warren, Jr., Michael Whitehead, Donnie Ray Williams, John D. Wilson, David Wood and Carolyn J. Yaney, Appellants,

v.

TOSCO CORPORATION, Appellee.

No. 86–1763.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 3, 1986.
Decided Dec. 8, 1986.

Ian W. Vickery, El Dorado, Ark., for appellants.

Bruce R. Lindsey, Little Rock, Ark., for appellee.

Before ROSS, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Freda Acton appeals from a final decision of the district court[1] granting Tosco Corporation's motion for summary judgment. We affirm.

Acton brought this action against Tosco Corporation on behalf of herself and other former employees of Tosco, under the Employment Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, et seq. Appellants alleged that Tosco's failure to pay them severance benefits upon Tosco's sale of its El Dorado refinery to Lion Oil Company (Lion) violated ERISA.

Following Tosco's termination of operations, Lion immediately hired all of the appellants as salaried employees. As Lion employees they receive fewer benefits than were available to them while employed by Tosco. In particular, Lion did not offer appellants any severance benefits. Because Lion did not assume Tosco's liabilities for past employee benefits, appellants, in effect, lost their right to severance benefits for the years of employment at Tosco.

Even though appellants did not suffer any period of unemployment, they assert that they were laid off within the meaning of Tosco's severance pay policy. That policy provided, inter alia, that "[a]t such times that layoffs, regretfully, become necessary due to shifts in business direction, economic conditions, or other reasons, it is Tosco's policy to ease the transition for those employees who have been laid off by providing severance pay...."

The district court disagreed, finding that (1) the severance pay policy was intended primarily for employees who suffer a period of unemployment when involuntarily laid off; (2) appellants did not suffer one day of unemployment in the transfer of ownership from Tosco to Lion; and, therefore, (3) requiring that Tosco pay severance benefits to appellants would result in a windfall to those employees in violation of ERISA standards.

We hold that the district court correctly granted Tosco's motion for summary judgment. This case is very close on its facts to *Pabst Brewing Co. v. Anger*, 610 F.Supp. 214 (D.Minn.1985), aff'd, 784 F.2d 338 (8th Cir.1986). In *Pabst* this court upheld a district court ruling that employees laid off by Pabst who were rehired immediately by Pabst's successor were not entitled to severance pay.

The district court in *Pabst* specifically rejected the argument—made by appellants here—that the loss of severance benefits was a "loss of employment" as contemplated by Pabst's employee benefit plan. The *Pabst* court held that "[t]hese lost [severance benefits] are speculative losses which, assuming continued good service on the part of the employee, have questionable present values and, if the employee works until retirement, have no value at all." 610 F.Supp. at 217. *See also Sly v. P.R. Mallory & Co., Inc.*, 712 F.2d 1209 (7th Cir.1983) (receipt of fewer benefits not dispositive because severance plan meant to apply only to employees who suffered a lapse of employment). Appellants cite to no other specific reduction in benefits. In response to Tosco's motion for summary judgment, they simply assert that Lion made "changes in other benefits." Such conclusory allegations cannot withstand Tosco's motion for summary judgment.

Appellants also claim that because Lion would not *guarantee* their employment, they suffered the type of "crisis" which the severance policy intended to address. It is true that Lion did not assure any of the appellants of continued employment, and employed all Tosco employees subject to a three-month probationary period. However, it is also true that at no time did appellants suffer any loss of employment. It cannot be said that Tosco's decision to deny benefits contravened the plain terms of the plan. Read as a whole, the severance plan anticipated that the recipient of

---

1. The Honorable Oren Harris, United States District Court Judge, Western District of Arkansas, El Dorado Division.

the benefits be without employment.[2]  Although it is unfortunate that some appellants suffered anxiety during the changeover, " '[t]o award severance benefits under these facts would result in a windfall to the employees who retained their positions with the purchaser ..., which was clearly not the intention of either the [severance plan] or of ERISA.' "  *Sly,* 712 F.2d at 1211 (quoting district court opinion).

Accordingly, we affirm the district court's decision.

---

**2.** This conclusion necessarily forecloses appellants' further argument that Tosco acted arbitrarily and capriciously in only providing sever-
ance benefits to those employees not retained by Lion.