Alan H. AGEE, Gary V. Baack, Dorothy Blaha, Garry Boles, Donald Bunten, Eugene Burns, Lawrence J. Burns, Franklin D. Brushwood, Daniel M. Cahalan, Harold M. Crannell, Roger L. Dostal, John A. Drannan, Michael J. Burlong, Kenneth Gangestad, James R. Grant, Georgia Hathorne, Thomas E. Johnson, William Kafer, William F. Kiburz, Robert A. Koranda, Logan Woodford, Larry J. Piercy, Robert L. Ray, Stanley N. Schafer, Richard D. Schmidt, Clyde R. Starner, Jack D. Urquhart, Daryl Walkup, George O. Willhite, Appellants,

v.

**ARMOUR FOODS COMPANY, Appellee.**

No. 87–1096.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1987.

Decided Nov. 25, 1987.

Rehearing and Rehearing En Banc Denied Dec. 30, 1987.

Paul L. Wickens, Kansas City, Mo., for appellants.

Brian J. Finucane, Kansas City, Mo., for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Appellants appeal from the district court[1] order granting summary judgment in favor of Armour Foods Company. With the following comments, we affirm on the basis of the district court's well-reasoned opinion reported at 672 F.Supp. 1210 (W.D. Mo.1986).

The facts are set forth in detail in the district court order. Armour Foods sold its St. Joseph meat processing plant to Swift Independent Packing Co. (SIPCO) in 1983. Armour closed the plant on Friday, August 19, 1983, and Swift reopened the plant on Monday, August 22, 1983. Plaintiffs were non-union salaried employees at the St. Joseph plant and are seeking separation and vacation benefits they claim are due them under Armour personnel policies as embodied in its personnel manual.

Armour interpreted its separation pay policy to deny benefits to any employee who took a job with SIPCO and suffered no period of unemployment.

Armour construed its vacation pay policy to grant pay only to those terminated employees "eligible" to take vacation. Plaintiffs were not considered eligible as defined in the manual because they were not full-time salaried employees on the payroll on the last day of the calendar year. The

---

**1.** The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

district court applied an arbitrary and capricious standard in assessing these interpretations and found they were "not unreasonable", but, in fact, were "clearly reasonable."

■ Plaintiffs argue, *inter alia*, that Armour's actions should be judged by a higher, fiduciary, standard of review rather than the more deferential arbitrary capricious standard. They refer the court to the Third Circuit opinion in *Struble v. New Jersey Brewery Employees' Welfare Trust Fund*, 732 F.2d 325, 333–34 (3d Cir.1984), where that court held that in a suit challenging the plan administrator's actions where the issue is "whether the trustees have sacrificed the interests of the beneficiaries as a class in favor of some third party's interests," the higher fiduciary standard must be applied. *See also Bruch v. Firestone Tire and Rubber Co.*, 828 F.2d 134 (3d Cir.1987). We recognize, as these Third Circuit cases suggest, that the arbitrary and capricious standard is undergoing change in the field of labor relations. *See Bruch*, 828 F.2d at 137–45, for a comprehensive discussion of this change. Nevertheless, we are obligated to follow the arbitrary and capricious standard in reviewing the actions of Armour, the plan administrator. *Central Hardware Co. v. Central States, Southeast and Southwest Areas Pension Fund*, 770 F.2d 106, 109 (8th Cir.1985).

■ In any event, even though the district court indicated that it applied an arbitrary and capricious standard of review, it further analyzed all the evidence. From that analysis, the district court concluded that Armour made a "clearly reasonable" interpretation of the personnel manual. Thus, Armour's actions were proper under a more demanding rule than the "arbitrary and capricious" standard of review.

With these comments, and after careful review of the record in this case, we affirm based on the district court's well-considered opinion.