882 F.2d 1327
 11 Employee Benefits Ca 1694
 James B. WALLACE, Mary Bailey, Bert O. Lambert, Patricia
McGuffin, Deborah B. Reynolds, J.R. Hudman, Judy C. Hudman,
Delwyn Wiley, Bill Mack, L. Kay Baker, Wanda Walker, Jimmy
Cheatham, Troy C. Lebo, Bobby R. Bailey, Jr., Charles L.
Holt, Ray Anthony Colvin, Charles E. Baker, Dennis Minor,
Travis M. Blackwell, Jr., Leonard McKinney, Peggy J.
Arrington, Willie M. Smelser, Jerry A. Griep, William Rowe,
Yacub R. Akkub, Phillip Webb, Andy L. Hickey, Robert C.
Bullock, Charles Hall, James E. Gardner, W.L. Ramsey, James
C. Almand, Charles R. Hamm, Carl E. Johnson, Kenneth R.
Flan, Vernon Wayne Evans, Don E. Orren, Max D. Gunnels, Gary
D. Oswalt, Quentin L. Anderson, J.H. Hayes, Barbara Grafton,
W.C. Cotton, Loretta A. Edwards, Susan Nygaard Keith, Mary
F. Reeves and Cal D. Shepherd, Appellants,
v.
The FIRESTONE TIRE & RUBBER COMPANY, Appellee.
 No. 87-2013.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 12, 1989.
Decided Aug. 21, 1989.
 
 1
 Joseph Hickey, El Dorado, Ark., for appellants.
 
 
 2
 Martin Wald, Philadelphia, Pa., for appellee.
 
 
 3
 Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSON*, Senior District Judge.
 
 
 4
 HANSON, Senior District Judge.
 
 
 5
 This case involves a claim for termination benefits by a class of former employees of appellee Firestone Tire and Rubber Company (Firestone). The District Court below, the Honorable Oren Harris, granted summary judgment to appellee. The court first found that the claims were governed by the Employee Retirement Income Security Act of 1974 (ERISA). It then held that Firestone's conclusion that termination benefits were not awardable was not arbitrary and capricious, the standard of review previously mandated by this court in ERISA cases. We affirm the portion of the district court's opinion holding that all of the claims are governed by ERISA, but reverse the grant of summary judgment and remand the case to the court for review under the de novo standard enunciated in Firestone Tire and Rubber Co. v. Bruch, --- U.S. ----, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In fairness to the district court we note that the de novo standard of Bruch was announced after Judge Harris issued his ruling in this case.
 
 FACTS
 
 6
 In early 1983 Firestone sold, as a going concern, a plant it operated in Magnolia, Arkansas, to American Fuel Cell and Coated Fabrics Company (Amfuel). All but three of Firestone's employees received jobs with Amfuel when it took over the plant. The rehired employees' responsibilities were the same with Amfuel as they had been with Firestone, and the employees did not suffer any period of unemployment as a result of the sale. These employees brought a class action against Firestone when it failed to pay them termination benefits. Termination pay was paid to the employees not employed by Amfuel.
 
 DISCUSSION
 
 7
 Two issues are presented to this court on appeal--whether the claims at issue are governed by ERISA, and if so, whether the court below properly reviewed these claims. We find that the answers to both questions are clearly dictated by Bruch.
 
 
 8
 Appellants contended below that the claims were not covered by ERISA arguing that "ERISA was never intended to apply to an unfunded severance or termination pay plan such as that adopted by Firestone." Appellants' brief at 8. This argument cannot be squared with Bruch as the termination pay plan at issue in that case was unfunded and the Supreme Court unhesitatingly applied ERISA. See Id., 109 S.Ct. at 951. Indeed, the Court specifically rejected the argument that the proper level of review depended on whether the plan was funded. Id. at 956.[1] Thus, as it is clear that ERISA does cover the claims before us we turn to the issue of the proper level of review.
 
 
 9
 Appellants argue that the proper standard of review for examining Firestone's decision not to pay them termination benefits was de novo, rather than the arbitrary and capricious standard used by the district court. Accordingly, they argue, the case must be remanded to the District Court for review under the proper standard. In Bruch the Supreme Court held that a denial of benefits challenged under ERISA "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 956. In other words, unless the plan language specifies otherwise, courts should construe any disputed language "without deferring to either party's interpretation." See Id. at 955. If a plan does "not give the employer or administrator discretionary or final authority to construe uncertain terms," a reviewing court should review the employee's claims as it would "any other contract claim". See Id.
 
 
 10
 Appellee responds that the arbitrary and capricious standard was proper because the plan gives it discretion in interpreting plan language and in determining eligibility for benefits. In support of this it cites a provision from the employee handbook which states that "Company benefits provided during your period of employment may be changed by the Company without notice. If you have any questions or need additional clarification on benefits, please consult your personnel representative." Firestone also notes that its Director of Compensation submitted an affidavit stating that he was responsible for "interpreting Firestone's salaried employee policies set forth in its Salaried Personnel Manual." Appellee's supplemental brief at 6.
 
 
 11
 These items are insufficient under Bruch to grant additional discretion to the plan administrator to interpret the terms of the plan. The Director's statement is irrelevant as the issue is whether the terms of the plan give Firestone added discretion, not whether Firestone acts as if it has such discretion. Indeed, the thrust of appellants' claim is that Firestone is exercising discretion it does not have. The provision providing that Firestone may change benefits without notice is also irrelevant as there is no contention that Firestone changed appellants' benefit policy. Thus, because the right to change or amend a policy is separate and distinct from the right to have discretionary authority to determine eligibility under a policy, the provision does not overcome the de novo review requirements of Bruch. Finally, the manual's suggestion that employees with questions should consult their personnel representative is just that, a suggestion. It has no effect on the amount of discretion Firestone has in determining eligibility. Therefore, based on the record before us, we find that this dispute must be resolved by a de novo review of "the terms of the plan and other manifestations of the parties' intent." Bruch, 109 S.Ct. at 955.
 
 
 12
 Appellee argues that an affirmance of the district court is proper even if that court erred in not reviewing the claims de novo on the grounds that the record allows us to make such a review in its favor. We decline to take this route for several reasons.
 
 
 13
 First, the termination pay plan at issue in Bruch was on its face equivalent to the plan at issue here. The plan in this case provides that:
 
 
 14
 If you are released from the company because you become unable to perform your job or because of a reduction in work force and you have not yet qualified for early retirement, you will be given termination pay.
 
 Whereas in Bruch the plan language stated:
 
 15
 If your service is discontinued prior to the time you are eligible for pension benefits, you will be given termination pay if released because of a reduction in work force or if you become physically or mentally unable to perform your job.
 
 
 16
 109 S.Ct. at 951. Indeed, Firestone itself asserts that the plan at issue in Bruch is "the very termination pay plan at issue here". See appellee's brief at 31 and 38.
 
 
 17
 The equivalence in policies is significant because the basic claim in the two cases is also the same--whether Firestone was required to pay termination benefits under such a plan to fired employees of a plant it sold as a going concern if the purchaser of the plant immediately rehired the employees. Thus, the Supreme Court in Bruch had the very option Firestone urges on this court, ruling that Firestone's actions were proper under a de novo review. The Court, however, did not take this action, but instead remanded the case for further review by the courts below. Id. at 958. This indicates to us that the proper approach under Bruch in a case such as this is to remand.
 
 
 18
 Second, the record indicates that the court below, in reviewing the various factual circumstances surrounding the policy, did so always with the arbitrary and capricious standard as its guide. For example, in response to appellants' contention that summary judgment was inappropriate because Firestone failed to comply with various reporting, filing and disclosure requirement of ERISA, the court ruled that the alleged noncompliance did not foreclose summary judgment because it did not rise to a level "appropriate for a finding of arbitrary and capricious" actions. As this type of review is interwoven into almost all of the court's factual findings, we cannot be sure it would have made the same factual conclusions if it had employed the required de novo standard of review.
 
 
 19
 Finally, a remand to the district court will also help allow for a thoughtful transition in this area of law, a transition that is required because the Bruch decision significantly alters the landscape of ERISA in this circuit. For example, in several of our past decisions we have approved denials of benefits under provisions such as Firestone's on the basis, in part, that to allow such payments would be a windfall to the employees involved. See Acton v. Tosco Corp., 815 F.2d 1161 (8th Cir.1986); Pabst Brewing Co. v. Anger, 784 F.2d 338 (8th Cir.1986). The emphasis in Bruch on straight contract interpretation, however, may suggest that the real issue is simply what the plan provides as long as the parties to the transaction were sophisticated. Indeed, the Court in Bruch does not even raise the possibility that a payment such as the one at issue here should be considered a windfall. Thus, there is a possibility that our analysis of this type of ERISA case may need an overhaul. By allowing the issues to be analyzed first in the district courts we will help ensure that the questions at issue receive a complete and full review.
 
 
 20
 We therefore reverse the order of the district court and remand the case for proceedings consistent with this opinion and with Firestone Tire and Rubber Co. v. Bruch, --- U.S. ----, 109 S.Ct. 948, 103 L.Ed.2d 80. We do not take any position on the merits of the underlying claims in this case.
 
 
 
 *
 The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation
 
 
 [1]
 The Court also ruled, however, that if the funding of a plan created a conflict of interest for the plan administrator this fact "must be weighed" in determining whether the plan administrator abused any discretion it had. Id. at 956