920 F.2d 544
 Carol L. HARPER; Jerre Sardou, Appellants,
v.
R.H. MACY & COMPANY, INC., and Dillard's Department Stores,
Inc., Appellees.
Maureen H. SHAWVER; Marilyn J. Barbour; Bonnie Beth;
Maxine Briggs; Linda M. Cain; Nora Daugherty; Anne C.
Gooch; Patricia W. Harris; Ila June Hayes; Prentice J.
Hildebrand; Jeanette R. Holbert; Marsha R. Holderness;
Patricia A. Kratz; Marilyn Krohn; G. Maxine Moenkhoff;
Eleanor L. Ninemire; Dale Prewitt; Gloria F. Ramirez;
Donna Ritter; and Donna S. Rohrback; Linda A. Schroeder;
Joyce G. Evans, Appellants,
v.
R.H. MACY & CO.; Dillard Department Stores, Inc., Appellees.
Billie GRADY; Norma Deere; and David Eubank, Appellants,
v.
DILLARD DEPARTMENT STORES, INC., and R.H. Macy & Company,
Inc., Appellees.
 Nos. 89-2259 to 89-2261.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 13, 1990.
Decided Dec. 4, 1990.
Rehearing and Rehearing En Banc
Denied in No. 89-2260
Feb. 11, 1991.
 
 Edward J. Reitzes, Kansas City, Mo., for appellant Shawver.
 Larry Coleman, Kansas City, Mo., for appellant Grady.
 Frederick Thompson, Kansas City, Mo., for appellant Harper.
 E.J. Holland, Kansas City, Mo., for appellees.
 Before ARNOLD, Circuit Judge, ROSS, Senior Circuit Judge and FAGG, Circuit Judge.
 FAGG, Circuit Judge.
 
 
 1
 Former employees (the employees) of R.H. Macy & Co. (Macy's) and Dillard Department Stores (Dillard's) sought severance benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Secs. 1001-1461 (1988). The district court granted summary judgment in favor of Macy's and Dillard's. 697 F.Supp. 1515. The employees appeal, and we affirm.
 
 
 2
 While the employees were working for Macy's, Macy's sold some of its stores in the Kansas City area to Dillard's. As the sales agreement required, Dillard's offered the employees continuing employment with comparable terms. All of the employees accepted employment with Dillard's and suffered no period of unemployment because of the transfer of ownership. Macy's maintained and administered a severance benefit plan (the plan) at the time of the sale.
 
 
 3
 After the transfer of ownership, the employees sought benefits under the plan provision granting a "[s]everance [a]llowance ... when [an employee is] permanently terminated or laid-off for periods that exceed 90 days." Macy's denied the employees' claims for benefits on the ground the employees were not permanently terminated within the meaning of the plan. The employees then filed this action under 29 U.S.C. Sec. 1132(a)(1)(B) to recover severance benefits.
 
 
 4
 The district court held Macy's did not permanently terminate the employees because the sale did not interrupt or substantially alter the terms of their employment. The court recognized it was obligated "to make a de novo examination of Macy's [s]everance [p]lan" and concluded Macy's denial of severance benefits satisfied "the heightened standards" announced in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The district court also decided the failure of some employees to exhaust their administrative remedies barred their claims, and that ERISA preempted the employees' common law tort and contract claims.
 
 
 5
 Initially, the employees argue the district court failed to review their claims de novo. We agree with the employees that the de novo standard governs review of this case. See Bruch, 489 U.S. at 115, 109 S.Ct. at 956; Baxter ex rel. Baxter v. Lynn, 886 F.2d 182, 187-88 (8th Cir.1989). Although the district court's wording is not as precise as it could have been, we are satisfied the court reviewed the language of Macy's severance plan de novo, and interpreted the plan as a contract. See Bruch, 489 U.S. at 115, 109 S.Ct. at 956; Baxter, 886 F.2d at 187.
 
 
 6
 The employees next argue they are entitled to severance benefits under the plan because Macy's permanently terminated them. Like the district court, we must review their denial of benefits de novo. Anderson v. Pittsburgh-Des Moines Corp., 893 F.2d 638, 639-40 (3d Cir.1990). The issue is "simply one of contract interpretation." Anderson v. Alpha Portland Indus., 836 F.2d 1512, 1516 (8th Cir.1988). In deciding whether the employees are entitled to severance benefits "we must begin by examining the language of the plan document[ ]. Each provision should be read consistently with the others [and] the terms must be construed to render none of them nugatory." DeGeare v. Alpha Portland Indus., 837 F.2d 812, 816 (8th Cir.1988).
 
 
 7
 Without deferring to either party's interpretation of the disputed language, we conclude Macy's did not permanently terminate the employees within the meaning of the plan. The plan's language does not permit an interpretation that employees who continue to work without interruption on comparable terms for the purchaser of their employer's business have been "permanently terminated" by the sale. This holding is consistent with our pre-Bruch cases in which we "held that when terminated employees are immediately rehired by a departing [employer's] successor under terms that are comparable to those received from their initial employer, the employees are not entitled to severance benefits." Lakey v. Remington Arms Co., 874 F.2d 541, 545 (8th Cir.1989) (applying arbitrary and capricious standard); see also Simmons v. Diamond Shamrock Corp., 844 F.2d 517 (8th Cir.1988) (applying arbitrary and capricious standard and stricter clearly reasonable interpretation test); Agee v. Armour Foods Co., 834 F.2d 144 (8th Cir.1987) (per curiam) (same); Pabst Brewing Co. v. Anger, 784 F.2d 338 (8th Cir.1986) (per curiam) (applying arbitrary and capricious standard).
 
 
 8
 Having agreed with the district court that none of the employees are entitled to severance benefits, we need not consider the district court's holding that some of the employees' claims were barred for failure to exhaust administrative remedies.
 
 
 9
 Finally, we agree with the district court that ERISA preempts the employees' common law tort and contract claims. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62, 107 S.Ct. 1542, 1545, 95 L.Ed.2d 55 (1987); Anderson v. John Morrell & Co., 830 F.2d 872, 875 (8th Cir.1987); Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1216 (8th Cir.), cert. denied, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981).
 
 
 10
 We have carefully considered all of the employees' arguments and affirm the district court.