**James SCHROEDER, on behalf of himself and as a representative of the class herein defined, Appellant/Cross–Appellee,**

v.

**PHILLIPS PETROLEUM COMPANY, Appellee/Cross–Appellant.**

Nos. 93–2474, 93–2614.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1994.

Decided March 10, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied April 19, 1994.

Before LOKEN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and EISELE,* Senior District Judge.

LOKEN, Circuit Judge.

On February 28, 1986, Phillips Petroleum Company sold the stock of its wholly-owned subsidiary, American Fertilizer & Chemical Company, to Cepex, Incorporated. In this action brought under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B), American Fertilizer employees seek to recover severance pay from Phillips. Following a trial on stipulated facts, the district court[1] held that Phillips's refusal to pay severance benefits was consistent with the plain language of American Fertilizer's Severance Plan. The employees appeal. We affirm.

The employees' right to severance pay is governed by the Severance Plan, which provides benefits to "eligible employees who are laid off due to a force reduction for lack of work." After Phillips sold the stock of American Fertilizer to Cepex, American Fertilizer continued to exist with no change in its work force or its Severance Plan. This change in corporate ownership did not result in employees being "laid off," or in a "force reduction," or in a "lack of work" at American Fertilizer. The district court was clearly correct in its construction of the plain language of the Severance Plan.

This court has frequently held that the sale or discontinuance of a business does not entitle employees to benefits under a severance plan if a new or successor employer continues their employment without interruption under substantially identical terms and conditions.[2] Thus, the employees' attempt to recover American Fertilizer severance benefits from Phillips, the former owner of American Fertilizer's stock, has no support in the

Counsel who presented argument on behalf of the appellant was Thom K. Cope of Lincoln, Nebraska.

Counsel who presented argument on behalf of the appellee was Janet M. Reasor of Bartlesville, Oklahoma. David R. Wilson of Lincoln, Nebraska appeared on the brief.

---

* The HONORABLE G. THOMAS EISELE, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska.

2. *See Harper v. R.H. Macy & Co.*, 920 F.2d 544 (8th Cir.1990); *Lakey v. Remington Arms Co.*, 874

F.2d 541 (8th Cir.1989); *Simmons v. Diamond Shamrock Corp.*, 844 F.2d 517 (8th Cir.1988); *Agee v. Armour Foods Co.*, 834 F.2d 144 (8th Cir.1987); *Acton v. Tosco Corp.*, 815 F.2d 1161 (8th Cir.1986); *Pabst Brewing Co. v. Anger*, 784 F.2d 338 (8th Cir.1986), *aff'g* 610 F.Supp. 214 (D.Minn.1985).

language of the Plan, in the prior decisions of this court, or in the equities of the situation.

The judgment of the district court is affirmed.