CASPER AIR SERVICE, Jeff L. Bishop, Tom Richert and Frederick D. Werner, Trustees of the Casper Air Service Defined Benefit Plan, Plaintiffs,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA, Sun Benefit Services Company, Inc., and Sun Financial Group, Defendants.

No. C90–1008J.

United States District Court,
D. Wyoming.

Aug. 24, 1990.

Harry B. Durham, III, Casper, Wyo., for plaintiffs.

Barry G. Williams, Casper, Wyo., for defendants.

ORDER ON PENDING MOTIONS

ALAN B. JOHNSON, District Judge.

THE ABOVE CAPTIONED MATTER came before the Court for hearing on the defendants' 15 March 1990 Motion to Dismiss and on the plaintiffs' 29 March 1990 Motion to Remand this action to the state district court of Wyoming. The Court concludes that the federal Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. [ERISA], preempts this type of state cause of action, and the suit is thus properly before this Court. In lieu of granting the defendants' motion to dismiss, the Court will grant the plaintiffs leave to

amend the complaint to state a cause of action under ERISA.

The plaintiff Casper Air Service [CAS] is an aircraft sales and service business which adopted a pension trust for its employees in 1966. The remaining plaintiffs are the trustees of that trust. In 1978, CAS amended the original trust and adopted a Corporate Prototype Defined Benefit Pension Plan and Trust. The defendants were the sellers of that plan, and the plaintiffs and defendants entered into an agreement whereby the defendants would administer it. The plan was subsequently amended in both 1984 and 1986. CAS contends that in November of 1987, on the advice of the defendants, they informed the defendants that the plan should be terminated.

The plaintiffs filed suit in state district court, alleging that the defendants failed to comply with the terms of their agreement, by inaccurately calculating lump sum benefits due to terminated employees, not terminating the plan upon notice from the plaintiffs, and not complying with the specific insurance investment procedures outlined in the agreement. This Court granted the defendants' petition for removal.

The defendants moved this Court to dismiss the action, which is characterized as a breach of contract and negligence suit, on the grounds that such state common law actions may not be maintained pursuant to ERISA. The defendants contend that the express preemption provision in ERISA requires dismissal of these claims.

The plaintiffs now move this Court to remand this action to the state court, arguing that actions against nonfiduciary professional service providers do not invoke ERISA. Consequently, ERISA's preemption language does not include such actions either.

■ The Court must decide, then, whether ERISA preempts a state cause of action by a trustee of a plan against a nonfiduciary administrator of the plan. The provisions of ERISA which are germane to this discussion are the fiduciary liability sec-

tion, 29 U.S.C. § 1109, the statement of supersedure, 29 U.S.C. § 1144(a), and the civil enforcement section, 29 U.S.C. § 1132(a).

§ 1144 provides in pertinent part:

[T]he provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) ... [1]

The phrase "relate to" a plan has been interpreted in its broad sense, including any law that has a "connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The Supreme Court has observed that "the express preemption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–6, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987), quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981). However, state actions which affect plans in "too tenuous, remote, or peripheral a manner," will not be preempted as a law "relating to" the plan. *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. The test is one perhaps best phrased by the Second Circuit. That court held that when a state law "does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the statute has some economic impact on the plan does not require that the statute be invalidated." *Rebaldo v. Cuomo*, 749 F.2d 133, 139 (2d Cir.1984). The provision is nonetheless intended to displace all related state laws, including those which pertain indirectly on private pension plans, *Alessi*, 451 U.S. at 525, 101 S.Ct. at 1907, and state laws which are consistent with the substantive requirements of ERISA. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985).

At first blush, this action seems to plainly "relate to" the plan. It alleges misad-

---

**1.** "State law" is defined in the statute, and includes decisional law. 29 U.S.C. § 1144(c)(1).

ministration of plan assets and a failure to timely terminate the plan and to perform according to the terms of agreement. This, the plaintiff contends, resulted in the plaintiff fiduciaries being liable for additional amounts to the plan, and for dissipated cash values of life insurance policies due to underfunding. These certainly appear to be the type of actions which "relate to" the plan's administration and type of benefits provided.

The plaintiffs' argument does not rely solely on its cause of action being outside the scope of § 1144, however. Their contention is, presumably, that no adequate remedy for nonfiduciary misconduct is provided for in ERISA. This, they allege, evidences Congress' intent not to regulate the conduct of nonfiduciaries, and consequently, not to preempt state laws which would remedy such misconduct.

The most provocative decision supporting the plaintiffs' motion is *So. Cal. Meat Cutters Unions v. Investors Research*, 687 F.Supp. 506 (C.D.Cal.1988). There, the district court of California was confronted with a situation where a union and pension trust fund brought suit against an investor, a nonfiduciary securities brokerage firm and one of its agents. The brokerage firm and its agent moved for dismissal of state law claims against it, alleging that ERISA does regulate nonfiduciary conduct, and thus preempts any state law claim. District Judge Takasugi thoroughly analyzed the remedial sections of ERISA and concluded that the only remedy available against a nonfiduciary under ERISA was equitable relief under § 1132(a)(3). This Court has found no case suggesting that any other relief is available.

The California court discussed the apparent tension between the broad language of § 1144 and the seemingly narrow liability language of § 1109. § 1144 directs that ERISA will "supersede *any and all* state laws insofar as they may now or hereafter *relate to any employee benefit plan ...*" (emphasis added), while § 1109 provides for the liability of only fiduciaries who do not act in accordance with the plan or statute. The goal of ERISA, the court reasoned,

could best be effected by construing the narrow remedies provisions of § 1109 as outweighing the apparent breadth of § 1144. The "goal" of ERISA is found in the declaration of policy, at § 2 of the Act, which provides in part:

> It is hereby declared to be the policy of this Act to protect ... the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, *by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans*, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

29 U.S.C. § 1001(b).

The language of the statute clearly speaks to fiduciary regulation. Further, the court concluded that if no remedy were provided for nonfiduciary misconduct, the overriding purpose of protecting employee benefit plans could not be achieved by allowing ERISA to preempt state remedies in such cases. It thus concluded that the lack of an adequate remedy against a nonfiduciary, the language in the declaration of purpose, and the liability provisions in § 1109, evidence the intent of Congress not to regulate nonfiduciary behavior.

The court cited with approval the district court's decision in *Munoz v. Prudential Ins. Co. of America*, 633 F.Supp. 564 (D.Colo.1986). That court discussed the broad language of the preemption provisions in relation to actions against nonfiduciaries, and found that no state law actions against nonfiduciaries were preempted, because ERISA does not regulate the conduct of nonfiduciaries.

I am not unmindful of the open-ended "relate to" language of the Act's preemption provision, § 1144(a), nor the expansive interpretation courts have given this language. However, the broad preemption language is limited by the Act's declarations of purpose which indicate that Erisa was intended to combat only fiduciary misconduct. I do not find it to

be Congress' intent to allow one who has willfully insulated itself from Erisa liability to violate its common law duties with impunity. I do not find it to be Congress' intent to pre-empt state common law liabilities where there is no federal regulation to fill the void. In this vein, the state common law invoked by plaintiff does not denigrate the objectives of Erisa because regulation of non-fiduciary conduct is not an Erisa objective.

*Munoz*, 633 F.Supp. at 571. Cases giving ERISA broad preemptive effect were not binding, the court found, because each considered actions taken regarding fiduciary conduct. The court held that, *"like Erisa itself,"* such precedent is not applicable to state actions involving nonfiduciaries. *Id.* at 572 (emphasis in original).

While the *Munoz* and *Meat Cutters* reasoning is somewhat appealing, the decisions have been both maligned and praised, and the approach has been expressly rejected by several courts.[2] None of the circuit courts which have addressed the issue have landed on its side. One of the most telling commentaries on that approach was made recently by the Ninth Circuit in *Gibson v. Prudential Ins. Co. of America*, 915 F.2d 414 (9th Cir.1990). That Court specifically rejected the district court's reasoning in *Meat Cutters* concerning the remedies available under ERISA against a nonfiduciary. Finding that § 1132(a)(3) allows for an equitable remedy against both fiduciaries and nonfiduciaries, the court concluded that Congress did indeed intend to regulate misconduct of nonfiduciaries.[3] Reading the civil enforcement and supersedure provisions together, the court found:

> The fact that Congress did not include a damage remedy is not dispositive.

"§ 514(a) [cannot] be interpreted to preempt only state laws dealing with the subject matters covered by ERISA—reporting, disclosure, fiduciary responsibility, and the like." *Shaw*, 463 U.S. at 98 [103 S.Ct. at 2900]. "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 146 [105 S.Ct. 3085, 3092, 87 L.Ed.2d 96] (1985) (emphasis in original). Recently, the Court has reiterated that "the express pre-emption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life*, 481 U.S. at 45–46 [107 S.Ct. at 1551–52] (quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523 [101 S.Ct. 1895, 1906, 68 L.Ed.2d 402] (1981)). For these reasons, we find that Congress did intend ERISA to preempt claims that relate to an employee benefit plan even if the defendant is a nonfiduciary.

*Gibson*, 915 F.2d at 418. The court made clear that the analysis in *Meat Cutters* is no longer accepted there.

In *Howard v. Parisian, Inc.*, 807 F.2d 1560 (11th Cir.1987), the Eleventh Circuit agreed that ERISA does not regulate the conduct of nonfiduciary employment plan administrators. In that case, a plan beneficiary filed a complaint for additional health care benefits and included as one party the nonfiduciary plan administrator. The administrator contended that ERISA preempted the state law claims against it, even though it had no obligations governed

---

**2.** *Compare, e.g., Jordan v. Reliable Life Ins. Co.*, 694 F.Supp. 822, 829–30 (N.D.Ala.1988) (agreeing with the reasoning in *Meat Cutters*); *with Rollo v. Maxicare of Louisiana, Inc.*, 695 F.Supp. 245, 249 (E.D.La.1988) (referring to *Meat Cutters* as a maverick decision, "fundamentally at odds with impressive appellate decisions, and with the statutory scheme itself.")

**3.** *See also, Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209, 1220 (2d Cir.1987), where the circuit court recognized that besides a nonfiduciary being liable for knowing participation

in a fiduciary's breach of his duties under ERISA, nonfiduciaries may be independently liable under § 1132(a)(3). In *Pension Fund—Local 701 v. Omni Funding Group*, 731 F.Supp. 161, 177 (D.N.J.1990), the district court stated that federal courts have interpreted ERISA as federalizing the common law of trusts. While this provides a cause of action against nonfiduciaries acting in concert with fiduciaries, the court also recognized the independent cause of action created by § 1132(a)(3).

by ERISA. The plaintiff highlighted the problem recognized in *Meat Cutters* and *Munoz*, that preemption of state law claims when there are no adequate ERISA remedies against nonfiduciaries would create a void in the law. Though the court also recognized the potential inequity in such a case, it nonetheless found that such was the legislative scheme.

> Howard argues in response that prohibiting his state law claims against [a nonfiduciary] would leave a "gap" in the law because [a nonfiduciary] would not be liable under either ERISA or state law for the wrongful termination of benefits. However, as this Court observed, ... such a gap is legitimate if it is the result intended by Congress.

*Howard*, 807 F.2d at 1565 (citation omitted). While a "gap" intended by Congress may be legitimate, this Court does not necessarily agree that Congress did intend that such a gap exist, nor even that such a gap does exist. Though there may be no damage remedy for persons suffering from nonfiduciary conduct, the federal courts are empowered by § 1132(a)(3) to enjoin actions which are in violation of the statute or a plan covered by the statute, and to grant any other appropriate equitable relief. The more sound reasoning in this regard is that found in *Gibson*, that Congress intended no remedy beyond those provided in the civil enforcement provisions.

The Fifth Circuit addressed a similar situation in *Light v. Blue Cross and Blue Shield of Alabama*, 790 F.2d 1247 (5th Cir.1986). In that case, a plan participant brought an action against a nonfiduciary administrator of an employee group health plan, alleging wrongful refusal to pay benefits and several state law claims. The beneficiary argued that ERISA was inapplicable to that type of action because § 1144

does not apply to plan administrators in self-insured plans.

Citing *Shaw*, the circuit court simply held that the breadth of the preemption in § 1144 includes state actions taken against nonfiduciary plan administrators. If absent ERISA, state common law would provide a cause of action for improper actions under a plan, the state law has a direct connection to the benefit plan.

The plaintiffs contend that the *Gibson* decision can be distinguished, as each of the other cases are, because it is a suit by a beneficiary against a nonfiduciary.[4] While that certainly is a factual distinction, the remedial provision of ERISA in question authorizes equitable actions by participants, beneficiaries, *and* fiduciaries. If § 1132(a)(3) allows suits by a beneficiary against a nonfiduciary, it also allows suits by a fiduciary against those same parties. That section does not distinguish between different types of suits which may be maintained by different types of plaintiffs. The distinction for which the plaintiff argues does not concern the central issue: Does § 1132(a)(3) authorize participants, beneficiaries and fiduciaries to seek appropriate equitable relief against a nonfiduciary, and if so, does that preempt a claim for damages against the same party in a state court action? The circuit courts addressing that question have found that it does.

■ While the reasoning in both *Meat Cutters* and *Munoz* is compelling, this Court will not ignore the growing number of circuit courts rejecting such an approach, nor the broad interpretation of the supersedure provisions by the Supreme Court. This Court finds that 29 U.S.C. § 1144(a) preempts a state common law action by a plan fiduciary against a nonfiduciary, when that action relates to a plan covered by ERISA. Further, 29 U.S.C. § 1132(a)(3) provides this Court remedial authority in cases like the present. The

---

**4.** Admittedly, each of the above cases also involved the payment of benefits under an ERISA plan. A distinction based on that fact alone, however, is supported by neither the statute nor case law. The reasoning of the cited cases is equally applicable to a situation like the present. The supersedure language in § 1144(a) is not limited to those laws which relate to the disbursement of benefits under a plan, nor is the Supreme Court's interpretation of that provision. Likewise, the civil enforcement provision in § 1132(a)(3) does not limit the class of plaintiffs to beneficiaries, but includes fiduciaries.

present action is one which fits particularly well into the civil enforcement scheme outlined in that provision. If Congress did intend to provide remedies for conduct of entities other than fiduciaries, as the circuit courts have determined, the alleged misconduct in this case is certainly the type of peripheral activity which "violates ... the terms of the plan."

ACCORDINGLY IT IS ORDERED that the plaintiffs' Motion to Remand is DENIED;

IT IS FURTHER ORDERED that the defendants' Motion to Dismiss is DENIED, without prejudice to renew it, and the plaintiffs shall be given an additional 15 days within which to amend their complaint to state a cause of action under ERISA.