Harvey A. SPARKS, Plaintiff,

v.

**MO–KAN IRON WORKERS PENSION FUND and its Trustees, et al., Defendants.**

No. 90–0812–CV–W–5.

United States District Court, W.D. Missouri, W.D.

Dec. 28, 1990.

G. Gordon Atcheson, Blake & Uhlig, Kansas City, Mo., for plaintiff.

Terry L. Tyrrell, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., Michael C. Arnold, Yonke, Arnold & Newbold, Kansas City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, District Judge.

Now before the Court is Defendant Delores Cole's motion to dismiss the complaint against her. Ms. Cole's motion presents the issue of ERISA's preemptive effect in a suit against a nonfiduciary. (ERISA—Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001 et seq.). Counts I and II seek damages for Defendant Cole's alleged negligent miscalculation of Plaintiff Harvey Sparks' benefits level under an employee benefit plan (Plan) governed by ERISA. Mr. Sparks' claims are based on state law: breach of Ms. Cole's employment contract under which he is a third-party beneficiary, and negligent breach of a duty owed to him. For the following reasons, the Court determines that ERISA's preemptive effect does not encompass actions in state law against nonfiduciaries, where the claim and the relief sought would not affect the Plan and would not contravene the purpose of ERISA. Therefore, Defendant Cole's motion for dismissal on grounds of preemption is denied.

## I. BACKGROUND

At Mr. Sparks' request, Ms. Cole calculated the retirement benefits he would receive if he exercised an early retirement option. Apparently, he retired early in reliance on her calculations. However, Mr. Sparks later discovered that Ms. Cole's calculations were in error. The alleged calculation error concerns apportionment of benefits before and after age sixty-two (62). Mr. Sparks alleges that had he been told the correct amount of his pension, he would not have retired until his pension was larger. Mr. Sparks states that if he had waited, he would have received an eighteen percent (18%) larger base pension than he now receives. Therefore, he claims he was harmed by the misinformation presented to him by Ms. Cole.

## II. DISCUSSION

### A. *Standard for Dismissal*

Defendant Ms. Cole moves to dismiss the claims against her for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The Court must accept plaintiff's alleged facts as true. *City of Los Angeles v. Preferred Communications, Inc.,* 476 U.S. 488, 106 S.Ct. 2034, 2037, 90 L.Ed.2d 480 (1986). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A claimant shall be dismissed only where, without a doubt, the claimant could not prove facts to support the claim for relief. *Id.*

### B. *ERISA Preemption of State Law Claims Against a Nonfiduciary*

Plaintiff Cole asserts that the state law claims against her should be dismissed because ERISA preempts them. The parties agree that the claims against Ms. Cole ·sound in state law, not ERISA. The parties concur that the Plan is governed by ERISA, as are the Plan fiduciaries. Plaintiff Sparks alleges, and Ms. Cole does not dispute, that she acted as a nonfiduciary, conducting ministerial nondiscretionary functions. *See* 29 U.S.C.A. § 1002(21)(A) (1990) (defines "fiduciary" basically as one who has discretionary powers over benefit plan). Thus, the sole issue before the Court is whether ERISA preempts plaintiff's state law claims against a nonfiduciary defendant who would not otherwise be regulated under ERISA.

### 1. *Arguments in this Case*

Defendant Cole maintains that ERISA preemption has been given very broad reading and ERISA provides the exclusive remedy for claims relating to employee benefit plans. Defendant Cole emphasizes that Plaintiff Sparks' claims *relate* to the Plan and, thus, are preempted. Moreover, Ms. Cole contends it would be "absurd" to permit state damage claims which would impose greater liability upon a nonfiduciary who has only ministerial duties than upon a fiduciary governed under ERISA. Ms. Cole refers the Court to cases from this

and other courts supporting ERISA preemption of state law claims.

Plaintiff Sparks argues that Ms. Cole is a nonfiduciary and as such she is not regulated by ERISA and cannot avail herself of its protection. Further, he contends his claims do not relate to the Plan because they allege personal liability under state negligence and contract claims against a *nonfiduciary* and, therefore, would not affect the Plan. Mr. Sparks relies on cases from this circuit and other courts which find ERISA preempts state law only where Congress provides a federal remedy for the alleged violation. Some cases hold that ERISA does not preempt state claims against a nonfiduciary where the relief sought would not affect the employee benefit plan and where a gap in ERISA would leave the plaintiff with no remedy against the nonfiduciary. Mr. Sparks asserts that if such state claims are not permitted, the "perverse conclusion" would permit nonfiduciaries to commit wrongs with no legal redress.

### 2. ERISA Preemption

There is a split among the courts as to whether ERISA preempts state law claims against a nonfiduciary of an employee benefit plan. The Eighth Circuit has not ruled on this issue. The cases on point address an apparent conflict or gap created by the ERISA preemption provision and the ERISA liability provision. In order to determine whether plaintiff's claims are preempted, it will be helpful to review the two applicable ERISA provisions as well as the provision expressing Congress's intent.

■ Section 1144 provides that ERISA preempts any and all state laws which "relate to" an employee benefit plan. 29 U.S.C.A. § 1144 (with some exceptions not relevant here). The Supreme Court has recognized the broad nature of ERISA preemption. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96, 97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983). ERISA preempts state statutory and state common law which directly or indirectly relate to the employee benefit plans. *Pilot,* 481 U.S. at 47, 107 S.Ct. at 1552; *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208, 1214–16 (8th Cir.1981). In other words, regulation of employee benefit plans is exclusively an area of federal law, unless the state action would affect the plans "in too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw,* 463 U.S. at 100, n. 21, 103 S.Ct. at 2901, n. 21; *see Dependahl,* 653 F.2d at 1214 (preempts claim of tortious interference with contract against fiduciaries because Congress intends to occupy field of pension plan law; claim would affect pension plans, and thus, contravenes the purpose of ERISA).

The civil liability and enforcement provisions of ERISA are set forth in Section 1132. That section authorizes civil actions to redress violations of ERISA. ERISA provides liability for breach of fiduciary duty. 29 U.S.C.A. § 1109. The Supreme Court has interpreted Section 1109(a) and determined that it does not create a private right of action against a fiduciary for compensation other than restoration of the plan and its benefits, or removal of a fiduciary. *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 140–42, 105 S.Ct. 3085, 3089–90, 87 L.Ed.2d 96 (1985) (subsequent history omitted). ERISA does not regulate nonfiduciaries or provide a remedy for a nonfiduciary's misconduct.

Courts considering the preemptive scope of ERISA review the Act's policy and scope. Congress's underlying intent is provided within the Act:

> It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies. . . .

29 U.S.C.A. § 1001(b) (1985).

If Section 1144 is to be read broadly, "relate to" might encompass, and thus

preempt, numerous state laws. If Section 1132(a) is read literally, it provides for liability against only the administrator, the plan, or a fiduciary which are the parties regulated by ERISA. Section 1132(a)(3) also provides for liability in the form of "equitable relief," but, of course, a nonfiduciary would generally not be the correct defendant to provide equitable relief because a nonfiduciary does not control the plan. One court has expressed, "If ... § 1109 is construed to provide liability only of fiduciaries, as a literal interpretation implies, the reasonable conclusion is that ERISA preemption was only intended to go as far as the remedies for which ERISA provides, *i.e.,* fiduciary misconduct." *Southern Cal. Meat Cutters Unions v. Investors Research Co.,* 687 F.Supp. 506 (C.D.Cal.1988).

The split among the courts determining this issue exemplifies the incongruity in the ERISA provisions reviewed above. One group of courts holds that ERISA preempts state law claims against a nonfiduciary. *See Gibson v. Prudential Ins. Co.,* 915 F.2d 414, 417 (9th Cir.1990) (preempts state claims which were related to administration of the plan; court notes, plaintiff "has not alleged that any appellee violated any duty to her outside proper plan administration," *id.* at n. 6); *Casper Air Serv. v. Sun Life Assurance Co. of Canada,* 752 F.Supp. 1005 (D.C.Wyo.1990) (Section 1132(a)(3) is only relief possible against nonfiduciary).

Another set of courts finds that ERISA preempts even though the "gap" in ERISA leaves a plaintiff with no remedy. *See Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755 (5th Cir.1990); *Howard v. Parisian, Inc.,* 807 F.2d 1560 (11th Cir.1987) (preempts state claims of bad faith refusal to pay benefits, even though leaves a gap in ERISA law).

A third set of courts, and the line this Court follows, holds that ERISA does not preempt state claims against a nonfiduciary because the nonfiduciary is not regulated by ERISA and the claims therefore are not "related to" ERISA. *See Capital Mercury Shirt Corp. v. Employers Reinsur-*

*ance Corp.,* 749 F.Supp. 926 (W.D.Ark. 1990); *Jordan v. Reliable Life Ins. Co.,* 694 F.Supp. 822 (N.D.Ala.1988) (further proceeding reported at 716 F.Supp. 582 (N.D.Ala.1989) (reviews split in courts; holds not preempt because payment of claim would not affect plan); *Southern Cal. Meat Cutters Union v. Investors Research Co.,* 687 F.Supp. 506 (C.D.Cal.1988) (not preempt state law claims against nonfiduciary brokers who allegedly acted in concert with fiduciaries to harm the plan); *Munoz v. Prudential Ins. Co.,* 633 F.Supp. 564, 570–72 (D.C.Colo.1986) (ERISA not regulate and not preempt state claims against nonfiduciaries).

This Court finds most persuasive that reasoning of the third group of courts discussed above: Mr. Sparks' claims against a nonfiduciary are not preempted because they do not "relate to" ERISA. Preemption would be necessary if Mr. Sparks' state law claims contravene the purpose of ERISA. However, in this case those claims do not contravene ERISA because ERISA does not regulate nonfiduciaries such as Ms. Cole. ERISA does not provide any remedy against a nonfiduciary such as Ms. Cole and the relief sought against Ms. Cole would not affect the security of the Plan. Section 1132(a)(3) has no preemptive effect upon the state law claims because Ms. Cole, as a nonfiduciary, is in no position to provide injunctive relief under that section of the Act.

## III.  CONCLUSION

This Court holds that ERISA does not preempt state law claims against a party who acts solely in a nonfiduciary capacity. Even though ERISA preemption is construed broadly, it cannot be construed to preempt state law claims of personal liability against Ms. Cole, a nonfiduciary who is not regulated by ERISA. ERISA's goal, to protect the security of an entire pension plan even over the individual rights of a plan participant, would not be contravened by applying state law, personal liability against a nonfiduciary. It would be incongruent for ERISA to have no regulatory effect over the nonfiduciary and yet

preempt personal liability under state law simply because the nonfiduciary works for an ERISA fiduciary. Moreover, if plaintiff's prayer for relief against Ms. Cole personally is granted, the security of the Plan would be unaffected. Thus, Ms. Cole has not met her burden to establish that the claims against her should be dismissed due to ERISA preemption.

Accordingly, it is hereby

ORDERED that Delores Cole's motion to dismiss the complaint against her is denied.