622 F.Supp. 93 (1985)
Dennis SHAW, Frances Shaw, Plaintiffs,
v.
REPUBLIC NATIONAL LIFE INSURANCE CO., the Traveler's Insurance Co., Defendants.
No. 84-313C(5).
United States District Court, E.D. Missouri, E.D.
October 8, 1985.
Padberg, McSweeney, Slater & Merz, Michael J. Coleman, St. Louis, Mo., for plaintiffs.
Armstrong, Teasdale, Kramer & Vaughn, Clark H. Cole, Evans & Dixon, Eugene K. Buckley, Laura B. Allen, St. Louis, Mo., for defendants.

MEMORANDUM
LIMBAUGH, District Judge.
This matter is before the Court for a decision on the merits. The parties have stipulated to the facts of the case. After consideration of the facts, the Court hereby makes the following findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure.

Findings of Fact
On December 9, 1981, plaintiff Dennis Shaw, an employee of St. Louis Postal Employees Credit Union, enrolled under his employer's group health policy GA-644670 LM issued by The Travelers Insurance Company (Travelers). The Travelers policy was in force at all relevant times.
Plaintiff Dennis Shaw did not make a written election of dependent coverage, nor did he intend to do so under his Travelers policy, at any relevant time, although he did make such an election on or about August 10, 1983, subsequent to the events involved in this lawsuit.
Plaintiff Frances Shaw was at all relevant times Dennis Shaw's wife and an insured under group health policy No. 17640 issued by Republic National Life Insurance Company (Republic) to her employer, Landmark Bancshares Corporation. The Republic policy was in force at all relevant times. Plaintiff Frances Shaw made a valid election of dependent coverage under the Republic policy. The election was in force at all relevant times.
On June 30, 1983, plaintiff's son, Charles Joshua Shaw was born. Charles' condition at birth required immediate surgery, which was performed at a total cost to plaintiffs in the amount of $25,658.32 for medical expenses incurred during the first thirty-one days after Charles' birth.
*94 The Coordination of Benefits clause in the Travelers policy provides in pertinent part:
"SECTION 12CO-ORDINATION OF BENEFITS
* * * * * *
DEFINITIONS
`Plan' means any plan providing benefits or services for or by reason of medical or dental care or treatment, which benefits or services are provided by (i) group, (ii) Group Blue Cross, Group Blue Shield, group practice, individual practice and other prepayment coverage, (iii) any coverage under labor management trusteed plans, union welfare plans, employer organization plans, or employee benefit organization plans, and (iv) any coverage under governmental programs, and any coverage required or provided by any statute, except Title XVIII and XIX of the Social Security Act, as enacted or amended.
The term `Plan' shall be construed separately with respect to each policy, contract, or other arrangement for benefits or services and separately with respect to that portion of any such policy, contract, or other arrangement, which reserves the right to take the benefits or services of other Plans into consideration in determining its benefits and that portion which does not.
`This Plan' means that portion of this policy which provides the benefits that are subject to this provision.
`Allowable Expense' means any necessary, reasonable, and customary item of expense at least a portion of which is covered under at least one of the Plans covering the person for whom claim is made.
When a Plan provides benefits in the form of services rather than cash payments, the reasonable cash value of each services rendered shall be deemed to be both an Allowable Expense and a benefit paid.
`Claim Determination Period' means calendar year.
EFFECT ON BENEFITS
(1) This provision shall apply in determining the benefits as to a person covered under this Plan for any Claim Determination Period if, for the Allowable Expenses incurred as to such person during such period, the sum of
(a) the benefits that would be payable under this Plan in the absence of this provision, and
(b) the benefits that would be payable under all other Plans in the absence therein of provisions of similar purpose to this provision
would exceed such Allowable Expenses.
(2) As to any Claim Determination Period with respect to which this provision is applicable, the benefits that would be payable under this Plan in the absence of this provision for the Allowable Expenses incurred as to such person during such Claim Determination Period shall be reduced to the extent necessary so that the sum of such reduced benefits and all the benefits payable for such allowable Expenses under all other Plans, except as provided in item (3), shall not exceed the total of such Allowable Expenses. Benefits payable under another Plan include the benefits that would have been payable had claim been duly made therefor.
(3) If
(a) another plan which is involved in item (2) and which contains a provision co-ordinating its benefits with those of this Plan would, according to its rules, determine its benefits after the benefits of this Plan have been determined, and
(b) the rules set forth in item (4) would require this Plan to determine its benefits before such other Plan.
Then the benefits of such other Plan will be ignored for the purposes of determining the benefits under this plan.
(4) For the purposes of item (3), the rules establishing the order of benefit determination are:

*95 (a) The benefits of a Plan which covers the person on whose expenses claim is based other than as a dependent shall be determined before the benefits of a Plan which covers such person as a dependent.
(b) The benefits of a Plan which covers the person on whose expenses claim is based as a dependent of a male person shall be determined before the benefits of a Plan which covers such person as a dependent of a female person.
(c) When rules (a) and (b) do not establish an order of benefit determination, the benefits of a Plan which has covered the person on whose expenses claim is based for the longer period of time shall be determined before the benefits of a Plan which has covered such person the shorter period of time.
* * * * * *
FACILITY OF PAYMENT
Whenever payments which should have been made under this Plan in accordance with this provision have been made under any other Plans, the Insurance Company shall have the right, exercisable alone and in its sole discretion, to pay over to any organizations making such other payments any amounts it shall determine to be warranted in order to satisfy the intent of this provision, and amounts so paid shall be deemed to be benefits paid under this Plan and, to the extent of such payments, the Insurance company shall be fully discharged from liability under this Plan."
The Coordination of Benefits clause in the Republic policy provides as follows:
"Co-ordination of Benefits Provision
The provision will co-ordinate the health benefits payable as described on the preceding pages (except any Accidental Death and or any Weekly Income Insurance) with similar benefits payable under other plans. The other plans are those providing benefits and services in connection with medical or dental care and treatment, which benefits and services are provided by coverage (1) toward the cost of which an employer make contributions or for which an employer makes payroll deductions, (2) under or through action of any government or tax-supported program, or (3) regulated by or through action of any governmental automobile reparations act but only to the extent of the basic reparations provided without fault under any such act.
WHEN THIS PROVISION IS APPLICABLE
This provision is applicable when the total benefits that would be payable in the absence of any co-ordination of benefits provision under our Plan and under all other plans covering an individual exceed the Allowable Expenses incurred during a Claim Determination Period.
An Allowable Expense is any necessary, reasonable and customary item of expense, at least a portion of which is covered under at least one of the plans covering the individual with respect to whom a claim is made. A Claim Determination Period is a calendar year.
WHAT HAPPENS WHEN THIS PROVISION IS APPLICABLE
One of the 2 or more plans involved is the Primary Plan and the other plans are Secondary Plans. The Primary Plan pays benefits first and without consideration of the other plans. The Secondary Plans then make up the difference up to the total Allowable Expenses. No plan will pay more than it would have paid without this special provision. If one plan has no co-ordination of benefits provision, it automatically is Primary.
A plan may be Primary if it covers the individual as an employee and Secondary if it covers the individual as a dependent. However, if the individual is covered as a dependent under 2 or more plans, the plan which covers such individual as a dependent of a male person is Primary. Also if the above conditions do not apply, a plan may be primary if it covers the individual the longer period of time and Secondary if it covers the individual the shorter period of time.

*96 Information necessary to the administration of this provision will be required at the time a claim is submitted."
Plaintiffs made timely claims under the Travelers and Republic policies for coverage of their son's medical expenses. Travelers denied coverage on the basis that Dennis Shaw had never elected family or dependent coverage at or before the time his son incurred the medical expenses. Republic denied the claim in question on the basis that the Coordination of Benefits clauses under the respective policies, read in conjunction with the Missouri "Newborn Act", § 376.406 R.S.Mo. (1978), establishes the Travelers plan as the primary plan and the Republic plan as the secondary plan and that, therefore, Republic was responsible for only 20 percent of the expenses in question.
Thereafter, Republic paid Charles' total medical expenses in the amount of $25,658.32 "purely as an accommodation to the interests of plaintiffs and their son," as per the terms of the General Release and Assignment executed by plaintiffs and Republic. To date, Travelers has paid no amount whatsoever relative to Charles' expenses, notwithstanding demands by plaintiffs and Republic.
The issue before the Court involves only Republic's claim against Travelers for reimbursement of expenses paid to plaintiffs. Plaintiffs have also assigned a claim to Republic for "vexatious refusal damages" from Travelers. Plaintiffs have settled their differences with Republic and have been made whole; consequently, they have no interest in the outcome of this litigation.

Conclusions of Law
The primary issue for this Court to decide is whether the Missouri Newborn Statute, § 376.406 R.S.Mo. (1978), applied to plaintiff Dennis Shaw's group health policy with Travelers.
The statute provides in pertinent part:
1. All individual and group health insurance policies ... which provide coverage for a family member of the insured or subscriber shall, as to such family member's coverage, also provide that the health insurance benefits aplicable for children shall be payable with respect to a newly born child of the insured or subscriber from the moment of birth.
2. The coverage for newly born children shall consist of coverage of injury or sickness including the necessary care and treatment of medically diagnosed congenital defects and birth abnormalities.
3. If payment of a specific premium or subscription fee is required to provide coverage for a child, the policy or contract may require that notification of birth of a newly born child and payment of the required premium or fees must be furnished to the insurer or nonprofit service or indemnity corporation within thirty-one days after the date of birth in order to have the coverage continue beyond such thirty-one day period.
4. The requirements of this section shall apply to all insurance policies and subscriber contracts delivered or issued for delivery in this state more than one hundred twenty days after August 13, 1974.
5. For the purposes of this section, any review, renewal, extension, or continuation of any plan, policy, or contract or of any of the terms, premiums, or subscriptions of the plan, policy, or contract shall constitute a new delivery or issuance for delivery of the plan, policy or contract.
The parties agree that the plain and unambiguous language of a statute requires no construction. L & R Distributing Co., Inc. v. Missouri Department of Revenue, 648 S.W.2d 91, 95 (Mo.1983).
Defendant Republic argues that the Newborn Statute creates dependent coverage under Dennis Shaw's policy. Defendant Travelers argues that the statute creates insurance for a newborn child at birth only if the insured already has obtained family or dependent coverage.
Upon review of the applicable statute, the Court finds that Travelers interpretation is persuasive. The statute can be construed to operate only to cause an insured's family or dependent coverage to apply automatically *97 to a newborn child at birth. Since Dennis Shaw's policy did not include dependent coverage at Charles' birth, the Travelers' policy did not cover the expenses incurred subsequent to Charles' birth. Accordingly, since the Court finds Dennis Shaw's policy provided no coverage, the issues of which policy is the primary or secondary insurer and of "vexatious refusal" need not be reached. Therefore, judgment on defendant Republic's cross-claim against Travelers will be entered for Travelers.