COLLETON REGIONAL HOSPITAL,
Plaintiff,

v.

MRS MEDICAL REVIEW SYSTEMS,
INC., Defendant.

The REGIONAL MEDICAL CENTER OF
ORANGEBURG AND CALHOUN
COUNTIES, Plaintiff,

v.

MRS MEDICAL REVIEW SYSTEMS,
INC., Defendant.

GREENVILLE HOSPITAL
SYSTEM, Plaintiff,

v.

MRS MEDICAL REVIEW SYSTEMS,
INC., Defendant.

Civ. A. Nos. 2:94–749–22, 2:93–
2832–22 and 6:93–3254–22.

United States District Court,
D. South Carolina,
Charleston and Greenville Divisions.

June 10, 1994.

M. Annette Roney, Charleston, SC, for plaintiffs.

J. Marshall Allen, Charleston, SC, for defendant.

## ORDER

CURRIE, District Judge.

This consolidated action arises from the review and adjustment of Plaintiffs' hospital bills by Defendant MRS Medical Review Systems, Inc. ("MRS"). Jurisdiction is based upon diversity of citizenship. This matter is presently before the court on the motions to dismiss of MRS. The court has carefully reviewed the entire record in this matter and heard oral argument. For reasons discussed more fully below, the court concludes that the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), preempts Plaintiffs' state law causes of action. In lieu of granting MRS's motions to

dismiss, however, the court grants Plaintiffs leave to amend their complaints to attempt to state causes of action against MRS for equitable relief under ERISA.

## I. FACTUAL BACKGROUND

Plaintiffs are South Carolina corporations operating hospitals in South Carolina. These hospitals provide medical and hospital services to patients including participants and beneficiaries of employer self-funded employee benefit plans. MRS, a Georgia corporation with its principal place of business in Georgia, is a utilization review company. MRS reviews claims submitted to employee benefit plans retrospectively, allegedly to determine whether the medical charges are reasonable and customary. Each Plaintiff brought an action against MRS alleging state law causes of action for tortious interference with contracts, defamation, violation of the South Carolina Unfair Trade Practices Act, bad faith refusal to pay claims, and improper claims practices. Plaintiffs' complaints were identical except for the identity of the plaintiff. MRS filed identical motions to dismiss in each action. The actions were consolidated with the consent of all parties pursuant to Fed.R.Civ.P. 42(a).

On various occasions, patients who belonged to employee benefit plans ("Beneficiaries") were admitted to one of Plaintiffs' hospitals for medical treatment. The Beneficiaries assigned their rights under their plans to the Plaintiff who provided them with medical treatment. The Beneficiaries incurred medical bills and expenses for treatment for which Plaintiffs submitted statements to the plan sponsors or administrators ("Plan Sponsors") of the various employee benefit plans for payment. MRS then would review and analyze the statements submitted by Plaintiffs. At the end of this utilization review, MRS would forward to the Plan Sponsors an Explanation of Review (EOR") detailing its findings and recommended allowances for the charges. Plaintiffs claim that because of the EORs the Plan Sponsors were induced by MRS to refuse to pay the charges in full as required by the employee benefit plans.

Each of Plaintiffs' five state law causes of action relies upon MRS's activities in advising Plan Sponsors. Plaintiffs' complaints all assert that "MRS actively and knowingly participated in the review of the statements submitted by the Hospital for amounts due on these accounts and induced the insureds' employees and the administrators of the plans to refuse payment in full." *See* Complaints at ¶ 9. The tortious interference with contracts cause of action in each complaint is based upon MRS "actively advising, encouraging and inciting the plan administrators not to pay the outstanding balance of each account with the Plaintiff[s] as agreed." *See* Complaints at ¶¶ 14–15. The defamation cause of action is based upon MRS "advising its clients not to pay particular charges due to the Plaintiff[s'] alleged overcharging for particular services." *See* Complaints at ¶ 19. Plaintiffs' cause of action for unfair trade practices is based upon MRS "unfairly attempt[ing] to reduce the Plaintiff[s'] bill by offering to pay only a portion of the bill[s] without offering an adequate explanation for the reduction in charges." *See* Complaints at ¶ 24. Plaintiffs assert that MRS is guilty of bad faith refusal to pay claims because MRS "refused payment in full of [Plaintiffs'] claims on behalf of their clients and refused to give Plaintiff more than a cursory explanation as to why full coverage was denied" and that when "Plaintiff[s] attempted to negotiate with [MRS] regarding these claims [MRS] refused to negotiate in good faith giving no adequate reason why the claims were reduced." *See* Complaints at ¶¶ 29–30. The improper claims practice cause of action alleges no new factual allegations. *See* Complaints at ¶¶ 35–37.

## II. MOTION TO DISMISS STANDARD

[1–5] A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1475, 117 L.Ed.2d 619 (1992). When reviewing a motion to dismiss it is inappropriate for a court to rely upon facts outside of the complaint. The court's inquiry is limited to whether Plaintiffs' allegations constitute " 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Bolding v. Holshouser,* 575 F.2d 461, 464 (4th Cir.) (quoting Fed.R.Civ.P. 8(a)(2)), *cert. denied,* 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978). In deciding a

Rule 12(b)(6) motion to dismiss a court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir.1992), *cert. denied*, — U.S. —, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993). The court must view the facts in the light most favorable to the non-moving party in determining whether a case should be dismissed. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Martin*, 980 F.2d at 952.

### III.  DISCUSSION

■ The issue presented is whether ERISA preempts health care providers' state law claims against a non-fiduciary [1] utilization review company based upon the utilization review company's activities in advising ERISA plan sponsors and administrators regarding the reasonableness of charges. The provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C § 1144(a). ERISA defines "State law" as "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1).

■ The initial analytical step in resolving the question of ERISA preemption is to address whether the purported claim "relates to" any employee benefit plan. *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 418 (4th Cir.1993) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987)).[2] "The phrase 'relates to' is given a broad, common-sense

meaning—'[a] law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Custer*, 12 F.3d at 418 (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). A state law claim need not explicitly refer to employee benefit plans in order to be preempted; it also need not be specifically designed to affect benefit plans. *Pilot Life Ins. Co.*, 481 U.S. at 47–48, 107 S.Ct. at 1552–53. The Fourth Circuit has consistently noted that "the phrase 'relate to' has been read expansively, giving 'unparalleled breadth' to the preemption provision." *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 120 (4th Cir.1989) (quoting *Salomon v. Transamerica Occidental Life Ins. Co.*, 801 F.2d 659, 661 (4th Cir.1986)).

There are, however, limits to ERISA preemption. The Supreme Court has stated that "[s]ome state actions may affect employee benefits in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. The Fourth Circuit's most detailed analysis of when state law claims do not "relate to" an employee benefit plan is set forth in *Pizlo*. In *Pizlo* the court held that a state law claim does not "relate to" an employee benefit plan if it would not create conflicting employer obligations and variable standards of recovery, determine whether any benefits are paid, nor directly affect the administration of benefits under the plan. *Pizlo*, 884 F.2d at 120.

■ In the present case Plaintiffs' claims "relate to" employee benefit plans. Plaintiffs' claims bring into question whether Plaintiffs, as assignees of the employees, re-

---

**1.** At oral argument, counsel for the parties agreed that MRS is not a fiduciary under ERISA because the Plan Sponsors made the final determination whether to pay the charges in full. A reading of the complaints also bears this out. Although MRS reviewed and processed claims submitted by Plaintiffs to the various plans, it did not possess the discretionary authority or control necessary to fall within the definition of an ERISA "fiduciary." *See* 29 U.S.C. § 1002(21)(A); 29 C.F.R. § 2509.75–8, D–2 (1993).

**2.** Although some courts have found it critical to the ERISA preemption analysis to determine

whether the party being sued is a "fiduciary" as defined by ERISA, *see, e.g., Munoz v. Prudential Insurance Co.*, 633 F.Supp. 564 (D.Colo.1986); *Southern California Meat Cutters Unions & Food Employers Pension Trust Fund v. Investors Research Co.*, 687 F.Supp. 506 (C.D.Cal.1988); *Kelly v. Pan–American Life Insurance Co.*, 765 F.Supp. 1406 (W.D.Mo.1991), the Fourth Circuit has held that "the preemption analysis is not dependent upon the answer" whether the party being sued is a fiduciary. *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 418 n. 4 (4th Cir. 1993).

ceived the proper amount of benefits under the various plans. If Plaintiffs were to prevail on their state law causes of action they would be eligible for greater benefits under the employee benefit plans than the benefits they received after MRS's recommended adjustment of their bills. Furthermore, each of the state law claims is based upon MRS's review of statements submitted by Plaintiffs for amounts allegedly due to Plaintiffs, as assignees of beneficiaries, under the various employee benefit plans. If Plaintiffs were allowed to go forward with their state law claims and were successful, it would affect the way benefits are reviewed and distributed under the employee benefit plans. The review of claims submitted by beneficiaries is at the heart of the administration of employee benefit plans regulated by ERISA. *See Pilot Life Ins. Co.*, 481 U.S. at 51, 107 S.Ct. at 1555 (stating that ERISA is "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits"). Therefore, the state law claims here would "directly affect the administration of benefits under the plan[s]."

▮▮▮▮▮ Plaintiffs argue that because MRS is not an ERISA fiduciary and because there is no remedial provision in ERISA under which to redress claims against nonfiduciaries,[3] Plaintiffs' state law causes of action are not preempted. Plaintiffs apparently assert that Congress could not have intended to leave beneficiaries, or their assignees,[4] without a remedy against nonfiduciaries. This argument is without merit. The Fourth Circuit recently rejected this identi-

cal argument. *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 418–19 (4th Cir.1993). The Fourth Circuit explained in *Custer:*

[The] contention that the defendants may be nonfiduciaries or that ERISA provides no remedy against nonfiduciaries, leaving a gap, is, in our view immaterial to the resolution of this issue. The Act's preemption clause does not place the analysis on whether remedies are provided by the Act, but rather on whether the action *relates* to any employee benefit plan. In *Mertens v. Hewitt Assocs.*, ── U.S. ──, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), where an argument was made similar to that presented here, the Supreme Court seemed to assume, without expressly deciding, that claims against nonfiduciaries would be preempted. The Court observed, however, that in order to expand the relief available under ERISA to include remedies against nonfiduciaries, more was needed than the general notion that ERISA was intended to protect beneficiaries. *See id.*, ── U.S. at ──, 113 S.Ct. at 2071. Furthermore, the Court observed that in light of the more expansive notion of fiduciary and the remedies which ERISA does provide, the gap in remedies against nonfiduciaries may not be as great as was alleged. "All that ERISA has eliminated, on these assumptions, is the common law's joint and several liability, for *all* direct and consequential damages by the plan, on the part of persons who had no real power to control what the plan did." *Id.* ── U.S. at ──, 113 S.Ct. at 2072. While the majority did not find it necessary to decide whether

---

**3.** Because the issue is not presented here, the court does not decide whether Plaintiffs can plead a cause of action for equitable relief against a nonfiduciary such as MRS under ERISA. Neither the Supreme Court nor the Fourth Circuit have resolved this issue. *See Mertens v. Hewitt Assocs.*, ── U.S. ──, ──, 113 S.Ct. 2063, 2072, 124 L.Ed.2d 161 (1993) (assuming arguendo nonfiduciaries may be able to be sued under 29 U.S.C. § 1132(a)(3) and enjoined from participating in a fiduciary's breaches, compelled to make restitution, and subjected to other equitable decrees to redress violations of or to enforce any provisions of an ERISA plan); *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 419 (4th Cir.1993) ("We do not now reach the question of the extent to which redress against a nonfiduciary is available under ERISA itself."). The Supreme Court, however, has determined

that compensatory damages are unavailable against nonfiduciaries under Section 502(a)(3) of ERISA. *Mertens*, ── U.S. at ──–──, 113 S.Ct. at 2069–72.

**4.** Numerous courts which have reached the issue have held that hospitals have derivative standing, if they are assignees of beneficiaries, to sue under ERISA. *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1277–78 (6th Cir.1991), *cert. denied*, ── U.S. ──, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992); *Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1289–90 (5th Cir.1988); *Misic v. Building Service Employee's Health & Welfare Trust*, 789 F.2d 1374, 1377 (9th Cir.1986); *Psychiatric Institute v. Connecticut General Life Ins. Co.*, 780 F.Supp. 24, 30–31 (D.D.C.1992).

claims against nonfiduciaries were preempted, Justice White stated in his dissent that while the majority chose not to reach the preemption question, "it is difficult to imagine how any common-law remedy for the harm alleged here—participation in a breach of fiduciary duty concerning an ERISA-governed plan—could have survived enactment of ERISA's 'deliberately expansive' preemption provision." *Id.* —— U.S. at —— n. 2, 113 S.Ct. at 2074 n. 2 (White, J., dissenting) (citation omitted). For purposes of deciding the issue before us, we agree with this observation.

*Custer,* 12 F.3d at 418–19. This statement by the Fourth Circuit makes clear that if state law claims against a nonfiduciary "relate to" to an employee benefit plan, as the claims in the present case do, the court is constrained to conclude that ERISA preempts the state law claims even if such a result leaves the plaintiff with no remedy under ERISA either. *See also Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755, 757–58 (5th Cir.1990) (holding that state law action for negligent misrepresentation preempted despite possible lack of remedy under ERISA); *Howard v. Parisian, Inc.,* 807 F.2d 1560, 1565 (11th Cir.1987) (noting that possible "gap" if state law cause of action preempted by ERISA is legitimate if result intended by Congress). Therefore, the court concludes that ERISA preempts Plaintiffs' state law claims. Instead of dismissing the actions, however, the court grants Plaintiffs leave to attempt to amend their complaints to state causes of action for equitable relief, if any, under ERISA.[5] *See e.g., Casper Air Service v. Sun Life Assurance Co.,* 752 F.Supp. 1005 (D.Wyo.1990) (granting leave to amend complaint to assert cause of action under ERISA after finding state law causes of action preempted by ERISA); *Grun v. Pneumo Abex Corp.,* 1993 WL 13411, 1993 U.S.Dist. LEXIS 635 (N.D.Ill. Jan. 21, 1993) (allowing amended complaint adding ERISA claim against nonfiduciary for knowingly participating in fiduciary's breach after determining that ERISA preempted state law cause of action for in-

tentional interference with contractual relations).

## IV. CONCLUSION

For these reasons, this court concludes that ERISA preempts Plaintiffs' state law causes of action, but grants Plaintiffs leave to attempt to amend their complaints to state causes of action for equitable relief under ERISA. Plaintiffs shall be given fifteen days from receipt of this order to attempt to amend their complaints to state causes of action for equitable relief under ERISA. Defendants shall have twenty days thereafter to answer or otherwise plead.

IT IS SO ORDERED.

---

5. The court notes that its ruling does not preclude Plaintiffs from bringing separate actions under ERISA against the Plan Sponsors and any other fiduciaries of the employee benefit plan for which MRS provided advice.