Melissa P. FANNEY, Plaintiff,

v.

TRIGON INSURANCE COMPANY T/A Trigon Blue Cross Blue Shield, Defendant.

No. 2:98cv179.

United States District Court, E.D. Virginia, Norfolk Division.

July 23, 1998.

**830**

William F. Burnside, Virginia Beach, VA, for Plaintiff.

Paul H. Anderson, Trigon Ins. Co., Richmond, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on plaintiff's motion to remand the case to state court and defendant's motion to dismiss for failure to state a cause of action. For the reasons set forth below, plaintiff's motion to remand is **DENIED** and defendant's motion to dismiss is **STAYED**. In addition, the court **GRANTS** plaintiff thirty days from the date of this order to file an amended complaint, stating a claim under ERISA.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Melissa P. Fanney, is married to Thomas R. Fanney, who is employed by Virginia Wesleyan College.[1] Virginia Wesleyan College is a participant in Trigon Blue Cross Blue Shield's (Trigon) group hospitalization plan. The plan provides coverage to Wesleyan's employees and offers various options to insure family members of employees. On or about January, 1994, in consideration of a monthly premium of $52.00, Thomas R. Fanney and his family, including plaintiff, were accepted as insured individuals under the group hospitalization plan.

On May 17, 1997, while the policy was in full force and effect, plaintiff was hospitalized as a result of a suicide attempt. Plaintiff was subsequently admitted for in-patient treatment to various hospitals that specialize in treatment for substance abuse and related mental health problems. Plaintiff's treating physician and other mental health care providers had concluded that the in-patient treatment was a medical necessity. According to plaintiff, defendant is obligated under the terms of the policy to pay for the total cost of her hospitalization.

Plaintiff alleges that she has furnished defendant with all of the information necessary to receive benefits. Between June and September, 1997, defendant rejected plaintiff's claim for benefits on the ground that her hospitalizations were not medically necessary. Defendant has refused to pay any portion of plaintiff's claim.

Plaintiff initially filed a Motion for Judgment in the Circuit Court of the City of Virginia Beach against defendant, Trigon, for breach of contract. Plaintiff seeks $17,500, which is the total cost of her hospitalization, plus interest that has accrued and is expected to accrue in the future. In addition, plaintiff seeks reasonable attorney's fees and court costs incurred in this proceeding.

On February 17, 1998, Trigon removed the action to this court pursuant to 28 U.S.C. §§ 1441(b) and 1446. Section 1441(b) allows for the removal of actions over which "district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." Defendant maintains that this court has original federal question jurisdiction over this action, as it involves a claim for health benefits under a plan governed by the Employee Retirement Income Security Act (ERISA). 29 U.S.C. § 1001 *et seq.* In addition, Trigon filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In its motion to dismiss, Trigon argues that plaintiff's state law claim

---

1. The facts are taken from the allegations in plaintiff's Motion for Judgment and are assumed to be true for the purpose of considering these motions.

is preempted by ERISA and that plaintiff has thus failed to state a claim upon which relief can be granted.

On March 3, 1998, plaintiff responded to the motion to dismiss, arguing that the claim is sufficient to state a cause of action pursuant to ERISA and that the court should thus treat it as such, rather than dismiss the claim. On March 11, 1998, defendant submitted a brief in reply to plaintiff's response. On April 16, 1998, plaintiff filed a motion to remand the matter to state court entitled "Additional Objection to Removal to the United States District Court." Plaintiff filed a brief in support of her motion on April 30, 1998. In the motion, plaintiff argues that defendant has waived federal venue, and thus the case should be remanded to state court. On May 29, 1998, Trigon's response to plaintiff's motion was docketed by the court.[2] These matters are thus ripe for judicial review.

## II. ANALYSIS

### A. MOTION TO REMAND

■ In her motion to remand, plaintiff admits that her claim for benefits is governed exclusively by ERISA. Accordingly, she agrees that this court has federal question jurisdiction over the action and that she could have chosen to originally file suit in this court. However, she argues that defendant has waived its right to remove any state court action filed by a claimant to federal court.

Defendant has promulgated a booklet of benefits entitled *Key Care Plan for Virginian Wesleyan College*, which is the plan's Summary Plan Description (SPD). Under the heading entitled "Enforcement of ERISA Rights," the SPD informs participants that "[i]f you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court." Additional Objection to Removal to the U.S. Dist. Ct., Attachment (p. 57 of SPD). Plaintiff maintains that this language invests in a

claimant the right to select the forum for litigation. According to plaintiff, the language constitutes a waiver by defendant of its right to remove, to federal court, an action for benefits that was brought in state court.

There is no merit to plaintiff's argument. The law is well-settled that a waiver is the voluntary and intentional relinquishment of a known right. *See, e.g., United States v. Stout,* 415 F.2d 1190, 1192–93 (4th Cir.1969); *BancBoston Mortg. Corp. v. Harbor Estates Partnership,* 768 F.Supp. 170, 172 (W.D.N.C. 1991). Moreover, courts will not lightly presume that a valuable right has been conceded absent clear evidence of a waiver. *Stout,* 415 F.2d at 1192–93. In this case, the defendant has not waived its rights under 28 U.S.C. § 1441, allowing for the removal of actions over which district courts have original jurisdiction. The SPD does not contain a forum selection clause, in which the parties have agreed that the forum would be a particular state court, or a state court of plaintiff's choice.

Instead, the SPD simply informs plan participants that there is concurrent state and federal jurisdiction for routine ERISA claims for benefits. *See* 29 U.S.C. § 1311(e)(1)(providing for state courts and federal district courts to have concurrent jurisdiction over claims for benefits). Specifically, the SPD informs participants of their right to file suit in either a state or federal court. Defendant does not deny that state courts have concurrent jurisdiction over ERISA claims or that participants have a right to file suit in state court. Defendant does deny the allegation that it has somehow waived its right to remove actions that have been filed in state court, simply by outlining for participants the courts in which they may file suit.

Furthermore, the SPD language relied on by plaintiff is mandated by federal statute and the Department of Labor regulations. *See* 29 U.S.C. §§ 1022(b) & 1024(c); 29 C.F.R. § 2520.102–3(t)(2). ERISA requires

---

**2.** The motion filed on April 16, 1998, was actually the second motion to remand filed by plaintiff. On March 3, 1998, Fanney filed a motion entitled "Objection to Removal and Request for Remand to the Circuit Court of the City of Virginia Beach." Trigon responded to this motion on March 17, 1998. However, plaintiff subsequent-

ly withdrew the March 3, 1998, motion and filed the second motion to remand, seeking a remand on an entirely different ground. The second motion to remand, as well as defendant's response to that motion, has been docketed with leave of the court.

employers to give employees summary descriptions of plan benefits. 29 U.S.C. § 1022(b). The Secretary has required administrators to provide all plan participants and beneficiaries with an SPD, such as those provided by the administrators of the Virginia Wesleyan College plan, and has set forth the "General Reporting and Disclosure Requirements." 29 C.F.R. § 2520.102–1 et seq. These benefit handbooks, or SPDs, which must be distributed to all employees, are deemed to comply with federal law if they contain, inter alia, the following language: "If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court." 29 C.F.R. § 2520.102–3(t)(2).

The statement included in defendant's SPD is identical to the statement mandated by the Department of Labor, and is essentially a paraphrase of 29 U.S.C. § 1131(e)(1), which provides for concurrent jurisdiction in state and federal courts. Under plaintiff's line of reasoning, every employer that is in compliance with federal law would necessarily have waived their right to remove actions for benefits to federal court. The application of plaintiff's reasoning would have an absurd result—virtually all ERISA cases removed from state court would have to be remanded.

Plaintiff has cited to no cases that support her argument.[3] The court has, however, found one case directly on point. See Clorox Co. v. United States Dist. Court, 779 F.2d 517 (9th Cir.1985). The Ninth Circuit Court of Appeals held that language, identical to the language in this case, is insufficient to support a finding of a waiver of any removal right because the employer was required to include such language in its employee handbook. Id. 779 F.2d at 521.

For the reasons stated above, the court **FINDS** that defendant has not waived its right to remove actions brought in state court for ERISA benefits. Accordingly, plaintiff's motion to remand is **DENIED.**

### B. MOTION TO DISMISS

■ Defendant argues that plaintiff's Motion for Judgment should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), based on ERISA's preemption of plaintiff's state cause of action. ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any [ERISA] plan." 29 U.S.C. § 1144(a); see also Salomon v. Transamerica Occidental Life Ins. Co., 801 F.2d 659, 660 (4th Cir.1986)(holding that ERISA clearly preempts common law claims for breach of contract). The health benefits plan at issue in this case is governed by ERISA. Furthermore, plaintiff's breach of contract claim clearly "relates" to an ERISA plan. Therefore, defendant is correct that the state law cause of action is preempted by ERISA.

Plaintiff concedes that her state law breach of contract claim is preempted. She argues, however, that her action should not be dismissed because it is sufficient to state a cause of action under ERISA. Plaintiff thus maintains that the court should treat the claim as one pursuant to ERISA, rather than dismiss the action entirely.

A Rule 12(b)(6) motion for failure to state a claim should only be granted "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Many courts, under circumstances similar to the case at bar, have chosen to treat a state law breach of insurance contract claim as a claim under ERISA. See Arthurs v. Metropolitan Life Ins. Co., 760 F.Supp. 1095 (S.D.N.Y.1991)(appropriate remedy is not to dismiss state law breach of contract claim, but to treat as a claim made under ERISA); Kelly v. Pan–American Life Ins. Co., 765 F.Supp. 1406 (W.D.Mo. 1991)(state law breach of contract claim would be construed to state cause of action under ERISA). In Kelly, the court held that the claim should not be dismissed, as long as

---

**3.** The three cases relied on by plaintiff have no relevance to the issue in this case. See Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 569 F.Supp. 612 (C.D.Cal.1983), order aff'd, 741 F.2d 273 (9th Cir.1984); Himes v. Admiral Insurance Co., 575 F.Supp. 312 (E.D.Ky.1983); Intermountain Systems, Inc. v. Edsall Constr. Co., Inc., 575 F.Supp. 1195 (D.Colo.1983). The cases cited involve the enforceability and application of forum or venue selection clauses in routine commercial contracts. In each case, the clause at issue was clearly intended to be some type of forum selection clause.

the complaint states facts that support a cause of action under ERISA, and if the defendant would not be prejudiced by proceeding with the action as one under ERISA. *Kelly,* 765 F.Supp. at 1408.

However, Fourth Circuit jurisprudence does not seem to support the remedy sought by plaintiff. Instead, courts within this circuit have allowed plaintiffs leave to amend their complaint to state a cause of action under ERISA. *See Hand v. Church & Dwight Co., Inc.,* 962 F.Supp. 742 (D.S.C.1997)(dismissing plaintiff's claims for breach of contract, as they were preempted by ERISA, but allowing plaintiff twenty days to amend her complaint to state cause of action pursuant to ERISA); *Colleton Regional Hosp. v. MRS Medical Review Systems, Inc.,* 866 F.Supp. 891 (D.S.C. 1994)(court granted plaintiffs leave to amend their complaints to state causes of action for relief under ERISA, rather than dismiss claim); *see also Tri–State Mach., Inc. v. Nationwide Life Ins. Co.,* 33 F.3d 309 (4th Cir.1994)(upholding district court's decision to dismiss preempted state law claim *upon plaintiff's failure to amend complaint* to state a claim under ERISA).

Accordingly, the court will not simply construe the claim as an action pursuant to ERISA. Neither will the court dismiss plaintiff's complaint at this juncture. Instead, the court will **GRANT** plaintiff leave to amend her complaint to state a cause of action for relief under ERISA, and will **STAY** the motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **DENIED** and defendant's motion to dismiss is **STAYED.** In addition, the court **GRANTS** plaintiff thirty (30) days from the date of this order to file an amended complaint, stating a claim under ERISA. The court **GRANTS** defendant twenty (20) days from service of the amended complaint to file responsive pleadings or appropriate motions to plaintiff's amended complaint.

It is so **ORDERED.**